UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 4:01-CV-747 (CEJ) |
| RIVERSIDE CONSTRUCTION, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On August 10, 2009, plaintiffs filed a motion for revival of a consent judgment entered against defendant on July 23, 2001, in the amount of $63,066.09. Plaintiffs state that a principal balance in the amount of $34,971.50 remains due. On August 14, 2009, the Court ordered defendant to show cause in writing, no later than September 8, 2009, why plaintiffs' motion should not be granted. The Court also directed plaintiffs to "promptly serve a copy of th[e] Order upon defendant in accordance with Rule 4, Fed.R.Civ.P., and . . . file proof of service of th[e] Order with the Clerk of Court." (Doc. #18, at 2). Plaintiffs have provided proof that defendant was served on August 24, 2009. See (Doc. #19).

Federal Rule of Civil Procedure 69 requires that "[t]he procedure on execution [of a judgment] . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed.R.Civ.P. 69(a). Rule 74.09(b), Mo.R.Civ.P., provides that "[a] judgment may be revived by order of the court that entered it pursuant to <u>a motion for revival filed by a judgment creditor within ten years</u> after entry of judgment or the last

prior revival of the judgment." (emphasis added). Because the judgment of July 23, 2001 has not expired, the consent judgment can be revived.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for revival of judgment [Doc. #16] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2009.